IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | NO. 22-00448 |
| | : | |
| RASHON MITCHELL | : | |

**O R D E R**

**AND NOW**, this **12th** day of **December, 2022** it is hereby

**ORDERED** that Defendant's Motion to Dismiss the Complaint [ECF No. 10] is **DENIED.**[1]

---

[1] Defendant files this pro se motion, despite being represented by appointed counsel. When a defendant is represented by counsel, the defendant must file all motions, except those dealing with matters involving counsel's representation of the defendant, through counsel. In that the defendant is represented by counsel here, the motion is inappropriate. See United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012). But even if appropriate, it would be denied on the merits.

Defendant seeks to dismiss the criminal complaint on Speedy Trial grounds. See Def.'s Mot. to Dismiss, ECF No. 10. The Speedy Trial Act provides that "any . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). The criminal complaint was filed on November 8, 2022. See ECF No. 1. Defendant was arrested on November 10, 2022. ECF No. 3. An indictment was subsequently returned on December 7, 2022. ECF No. 9. Defendant's arraignment is scheduled for December 14, 2022. ECF No. 11. Thirty days from Defendant's arrest would have been December 10, 2022. Thus, there was no Speedy Trial Act violation arising out of the time from Defendant's arrest to his indictment. Defendant has not yet entered a plea, so § 3161(c) need not be considered. Defendant thus has failed to allege sufficient facts that would support a

**AND IT IS SO ORDERED.**

_Eduardo C. Robreno_
**EDUARDO C. ROBRENO, J.**

---

violation of the Speedy Trial Act. Accordingly, his Motion is denied.